BULGER, Supervising Steamboat Inspector, et al. v. BENSON.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1920.)

No. 3304.

**1. PILOTS ☞17—INSPECTORS MAY IMPOSE PENALTY, BUT CANNOT SUSPEND LICENSE.**

Where the only charge made in the complaint of a local board of inspectors against a licensed pilot, on which a hearing was held, under Rev. St. § 4450 (Comp. St. § 8212), was a disregard of article 16 of the Pilot Rules (Act June 7, 1897 [Comp. St. § 7889]), the only penalty which may be imposed, on an adverse finding, is the fine of $50, expressly prescribed by section 3 of the act (Comp. St. § 7907), and the board is without power to suspend his license in addition.

**2. INJUNCTION ☞74—ENFORCEMENT OF ILLEGAL ORDER SUSPENDING PILOT'S LICENSE MAY BE ENJOINED.**

A federal court held to have jurisdiction to enjoin enforcement of an order of a local board of steamboat inspectors and of a supervising inspector, suspending the license of a pilot, where in making such order they exceeded their powers.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by George E. Benson against John K. Bulger, Supervising Inspector, Steamboat Inspection Service, Department of Commerce of the United States, and others, as Local Inspectors. Decree for complainant, and defendants appeal. Affirmed.

For opinion below, see 251 Fed. 757.

The appellee, Benson, a master and pilot of steam vessels, appeared with counsel before the appellants, Deering and Craft, local inspectors of the United States Steamboat Inspection Service at Seattle, to answer the following letter:

"Sir: You, as a licensed officer of steam vessels, are hereby charged with inattention to your duties and violation of section No. 4442, R. S. U. S., in connection with the navigation of the steamer Tolo, of which you were master and pilot, and in charge of the navigation of said vessel when she collided with the steamer Magic on October 5, 1917, disregarding the provisions of article 16 of the Pilot Rules for Certain Inland Waters of the Atlantic and Pacific Coasts and of the Coast of the Gulf of Mexico, as follows: 'Every vessel shall, in a fog, mist, falling snow, or heavy rainstorm, go at a moderate speed, having careful regard to the existing circumstances and conditions. * * * A steam vessel hearing, apparently forward of her beam, the fog signal of a vessel, the position of which is not ascertained, shall, so far as the circumstances of the case admit, stop her engines, and then navigate with caution until danger of collision is over.'"

Benson pleaded "not guilty," and after a hearing the local inspectors found that the charges preferred were sustained and ordered:

"Pursuant to the authority of this board, by section 4450, R. S. U. S., the license of George E. Benson, master and pilot, * * * is hereby suspended for a period of six months from date of surrender of his license to this office, which surrender Mr. Benson has been directed to make at once."

Thereafter the Treasury Department, through the Collector of Customs, notified the appellee that a fine of $50 was imposed upon him pursuant to article 31 of the Pilot Rules. Benson appealed from the order of the local inspectors to the supervising inspector, but the latter refused to entertain the appeal unless Benson surrendered his license pending the appeal. Benson then prayed for injunction against the enforcement of the order of the local inspectors, and against the imposition of any penalty other than a fine of $50 for violation of article 16 of the Pilot Rules, and commanding appellants to recognize the appellee as a duly licensed master and pilot and to reinstate him in the full enjoyment of his license. After a hearing on the merits the District Court denied a motion to dismiss the bill, and made a decree nullifying the order of the local inspectors suspending the license issued to Benson, and enjoined the supervising inspector and the local inspectors from imposing any fine or penalty upon Benson, other than a $50 fine for violation of article 16 of the Pilot Rules. The inspectors appealed.

Section 4442 of the Revised Statutes (Comp. St. § 8204), Regulation of Steam Vessels, authorizes the inspectors to grant a license to pilot a vessel and provides: "But such license shall be suspended or revoked upon satisfactory evidence of the negligence, unskillfulness, inattention to the duties of his station, or intemperance, or the willful violation of any provision of this title." Section 4450 (section 8212) after providing for the investigation of the conduct of an officer acting under the authority of a license, authorizes examination of an alleged delinquent and provides that, if the board "shall be satisfied that such licensed officer is incompetent, or has been guilty of misbehavior, negligence, or unskillfulness, or has endangered life, or willfully violated any provision of this title, they shall immediately suspend or revoke his license."

Robert C. Saunders, U. S. Atty., of Seattle, Wash., and Frederick R. Conway, Asst. U. S. Atty., of Tacoma, Wash., for appellants.

Fred H. Peterson and Philip D. MacBride, both of Seattle, Wash., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] The questions presented are whether the court had jurisdiction to grant relief and whether the complaint charged more than the offense of disregarding the provisions of Article 16 of the Pilot Rules.

Article 16, already quoted, of the Pilot Rules, is part of section 1, chapter 4, of the Act of June 7, 1897, 30 Stat. 99 (U. S. Comp. Stat. § 7889). Section 3 of the same chapter and same act (30 Stat. 102 [§ 7907]) provides that every pilot who neglects or refuses to observe the the provisions of the act referred to shall be liable to a penalty of $50. Under section 4405 of the Revised Statutes, as amended by Act Feb. 8, 1907, 34 Stat. 881 (U. S. Comp. Stat. § 8159), the supervising inspector and the supervising inspector general, as a board, shall establish, with the approval of the Secretary of Commerce and Labor, all necessary regulations with respect to the steamboat inspection service and such regulations shall have the force of law. Under a prescribed form (801a) of the General Rules and Regulations of the Board of Supervising Inspectors, Edition of November 21, 1916, page 144, it is provided that—

"Upon the revocation or suspension of the license of any such officer, master, or pilot, said license shall be surrendered to the local inspectors ordering such suspension or revocation."

Under the rules of practice for the government of supervising and local inspectors of steam vessels, in trials of such officers, the inspector shall furnish the "accused" with a copy of the charges, "setting forth specifically their character and the section of the statutes or the rules of the board that have been violated," and an appeal is provided for to the supervising inspector, who, in turn, is required to proceed to investigate the case under the same rules prescribed for the trial of the accused by the local board.

The contention of the appellants is that the local inspectors had jurisdiction to make the order of suspension, unless the provisions of the statutes already referred to with respect to such suspension are to be construed as penal rather than remedial. An opinion by the Attorney General (24 Op. Atty. Gen. 136) is cited as holding that, for the crimes and misdemeanors which are defined in the steamboat inspection law, a regular course of procedure through the criminal courts is provided, but that, where a question arises with respect to the revocation of the licenses of pilots and engineers, section 4450, heretofore quoted, is remedial, and not penal, and that the revocation of a license, as provided for in that statute, may be viewed—

"not in the light of a punishment for an offense committed, but rather as a remedy placed in the hands of the board of inspectors to insure greater efficiency in the steamboat inspection service, and to guard against obstruction or injury to commerce. * * *"

We agree with the District Court that the charge of inattention to duties and violation of section 4442 in connection with the navigation of the steamer Tolo does not "specifically" set forth the character of the charges against the pilot. The statute evidently contemplated some statement of facts upon which the alleged inattention to the duties

of his station was predicated, and we think that more than the general language should have been set forth.

There was a specific charge however, that the pilot had disregarded the provisions of article 16 of the Pilot Rules as quoted, and the learned judge was correct in ruling that the specific allegation should control, and that the general reference to section 4442 was surplusage. To the specific charge the accused made answer, and after investigation was found guilty. The question whether or not the statute or rule is strictly penal is not of controlling importance, further than to say that it is penal in its nature, and should receive a strict construction.

The only charge being that the accused violated article 16 of the Pilot Rules, the inspectors were only authorized to impose the penalty provided for by article 31, section 7180, Barnes' Federal Code (Comp. St. §§ 7905–7909). Under this rule every pilot who neglects or refuses to observe the provisions of the act shall be liable to a penalty of $50, and for all damages sustained by any passenger to his person or to his baggage by such neglect, provided that nothing in the rule shall relieve any vessel, owner, or corporation from any liability incurred by reason of such neglect or refusal. As no suspension of license is provided for in case of a violation of article 16, the inspectors exceeded their authority in ordering a suspension of the license of the appellee and in directing a surrender of his license.

[2] Our opinion is that the District Court had jurisdiction to enjoin against the doing of illegal acts by the inspectors and supervising inspector, and that the decree of the court whereby the order suspending the license issued to appellee was held null and void, and restraining the inspectors from imposing any penalty other than a $50 fine for having violated article 16 of the Pilot Rules, is correct.

Affirmed.